## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

WILLIAM R. NAGEL,                               )
                                                )
    Plaintiff,                              )
                                                )    **No. 07 CV 3439**
    v.                                      )
                                                )    **Judge John W. Darrah**
MORGAN STANLEY DW INC., a Delaware              )
Corporation, d/b/a MORGAN STANLEY; and          )
PATRICK SCHRAMM, Individually and as Vice       )
President for MORGAN STANLEY,                    )
                                                )
    Defendants.                             )

## MEMORANDUM OPINION AND ORDER

Plaintiff, William R. Nagel, filed suit against Defendants, Morgan Stanley DW Inc., ("Morgan Stanley") and Patrick Schramm, asserting claims for disability discrimination under the Americans with Disabilities Act ("ADA") (Count I), age discrimination under the Age Discrimination in Employment Act ("ADEA") (Count II), and for intentional infliction of emotional distress (Count III). Presently pending before this Court is the Defendants' Motion to Dismiss Count III of Plaintiff's Complaint, the claim for intentional infliction of emotional distress.

## BACKGROUND

A reading of Plaintiff's Complaint supports the following summary of the alleged conduct of the parties.

Nagel was employed by Morgan Stanley as a financial advisor from 1996 to 2006. During this time, Nagel's job performance was satisfactory or better. In 2000, Nagel was diagnosed with multiple sclerosis ("MS"), which led to his hospitalization in 2002 and resulted in Nagel's permanent disability. As a result of his condition, Nagel is confined to a wheelchair, unable to lift objects more than five pounds and is substantially limited from performing many

major life activities. Aware of Nagel's disability, Morgan Stanley sought to accommodate Nagel in November 2002 by furnishing Nagel's home with equipment and software so that Nagel could work from home. Nagel satisfactorily performed his job as a financial advisor from home for three-and-one-half years.

During 2006, through on or about April 26, 2006, Morgan Stanley and its employees or agents, including Patrick Schramm, threatened to terminate Nagel's employment unless Nagel immediately resigned and applied for disability benefits. Nagel refused. On or about April 24, 2006, Morgan Stanley and Schramm knowingly and intentionally manipulated Morgan Stanley's computer system to prevent Nagel from performing his job as a financial advisor or access his clients' accounts for the purpose of causing Nagel extreme aggravation and undue stress. For at least three days, Nagel unsuccessfully attempted to access his accounts and data at Morgan Stanley and attempted to contact fellow employees, his immediate supervisor, and Schramm to report the difficulties he was experiencing; however, Morgan Stanley and Schramm intentionally did not respond to Nagel's telephone calls or communications.

On or about April 26, 2006, Nagel finally spoke to Schramm, who made statements such as "so what" and "your point is," ridiculed Nagel and told him that he must have received a letter terminating his employment. When Nagel stated that he received no such letter, Morgan Stanley and Schramm lied to Nagel, in telling him that a letter was sent, and told Nagel that he was fired and no longer had any health insurance. Nagel informed Morgan Stanley and Schramm that he was scheduled to undergo medical treatment in a few days; and Schramm callously responded, "So what." Morgan Stanley and Schramm engaged in this conduct with the intent to inflict severe emotional distress on Nagel or knew that there was a high probability that such conduct would cause Nagel severe emotional distress.

2

As a result of Morgan Stanley's and Schramm's conduct, Nagel suffered, and continues to suffer, permanent and extreme mental and physical pain and suffering, depression, severe emotional distress and strain, severe humiliation, embarrassment, loss of reputation and loss of dignity with and without physical symptoms, including headaches and sleep loss, as well as lost wages, lost income, and lost insurance benefits. Based on these allegations, Nagel filed this claim for intentional infliction of emotional distress as Count III of his Complaint.

## ANALYSIS

Morgan Stanley and Schramm seek to dismiss Count III of Nagel's Complaint, arguing that it is preempted by the Illinois Human Rights Act ("IHRA") or, in the alternative, that Nagel fails to state a claim. In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004) (*Sprint*). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads [himself] out of court. *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n. 14." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 767 (7th Cir. 2007).

3

The IHRA will preempt a state-law tort claim of intentional infliction of emotional distress when the allegations relied on to establish the tort claim are "inextricably linked" to the claims protected under the IHRA. *Krocka v. City of Chicago*, 203 F.3d 507, 516-517 (7th Cir. 2000). A state-law claim is not inextricably linked to the claims protected under the IHRA "where a plaintiff can establish the necessary elements of the tort independent of any legal duties created by the Illinois Human Rights Act." *Maksimovic v. Tsogalis*, 177 Ill.2d 511, 519 (1997). Thus, the issue here is whether Nagel can establish the necessary elements of his intentional infliction of emotional distress claim, independent of Morgan Stanley's and Schramm's duties to refrain from discriminating against Nagel on the basis of disability or age.

To make a claim for intentional infliction of emotional distress, a plaintiff must show that: (1) the defendant's conduct was extreme and outrageous; (2) the defendant intended to cause severe emotional distress, or knew that there was a high probability that his conduct would cause severe emotional distress; and (3) the conduct caused severe emotional distress. *McGrath v. Fahey*, 126 Ill. 2d 78, 86 (1988). In this case, Nagel premises his claim on Morgan Stanley's and Schramm's conduct in threatening to terminate Nagel's employment if he didn't resign and seek disability benefits and in eventually terminating Nagel's employment in a callous manner. The extreme and outrageous conduct that forms the basis for Nagel's state-law claim is the same conduct that allegedly violates the IHRA and would not be actionable absent Defendants' duty to refrain from discriminating against Nagel on the basis of his disability or age. Therefore, the IHRA preempts Nagel's state-law claim of intentional infliction of emotional distress.

4

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Count III of Plaintiff's Complaint is granted.

Dated: October 31, 2007

JOHN W. DARRAH
United States District Court Judge